**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

EZEKIEL GAMBLE, JR.,                    :
                                        :
            Plaintiff,                  :
      VS.                               :
                                        :      NO. 5:15-CV-113-MTT-MSH
WARDEN BRUCE CHATMAN *et al.*,          :
                                        :
            Defendants.                 :
_____         :

## ORDER

Plaintiff Ezekiel Gamble, Jr., an inmate at Georgia State Prison ("GSP") in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), and he further moves for the appointment of counsel (ECF No. 8).

**I.       Motion to Proceed *in forma pauperis***

The Court has reviewed Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and, based on his submissions, finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. The Court thus **GRANTS** Plaintiff's motion and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds

$10) until the $350.00 filing fee has been paid in full.  The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## II.     Motion to Appoint Counsel

Plaintiff has moved for the appointment of counsel.   Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."   There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented.  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

In this case, Plaintiff has filed a *pro se* complaint on a standard § 1983 form.  The Court is required to review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim.  This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel.  Although Plaintiff reports he has been diagnosed with schizoaffective disorder bipolar type and antisocial personality disorder, the Court notes that Plaintiff has clearly articulated the factual allegations underlying his claims, and the applicable legal doctrines are readily apparent at this stage of the litigation.  As such, there is no present need to provide Plaintiff with legal counsel.  The Court is cognizant of Plaintiff's condition, however, and should it

later become apparent that counsel is necessary to avoid prejudicing Plaintiff's rights, the Court, on its own motion, will consider assisting Plaintiff in securing legal counsel at that time. Consequently, no additional requests for counsel will be necessary. Plaintiff's motion to appoint counsel (ECF No. 8) is accordingly denied.

### III.   Preliminary Screening

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). Having now done so, the Court finds that Plaintiff has stated a colorable constitutional claim against Defendants and the case should proceed for further factual development.

### A. Standard of Review

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The

Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).   If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B.  Factual Allegations and Analysis

Plaintiff contends that on August 28, 2013, Defendant Chatman denied Plaintiff the ability to appeal a decision to administer antipsychotic drugs and Benadryl to Plaintiff against his will.   Plaintiff further contends that on February 16, 2015, Defendant Williams likewise denied Plaintiff the ability to appeal the decision to involuntary administer a different antipsychotic medication as well as Benadryl and Depakote to Plaintiff.  Plaintiff alleges that he has suffered various side effects from the drugs he was forcibly administered.  Compl. 7, ECF No. 1.

The United States Supreme Court has held that the Due Process Clause permits the State to forcibly administer antipsychotic drugs to an inmate with a serious mental illness "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest."   *Washington v. Harper*, 494 U.S. 210, 227 (1990).  In *Washington*, the Court upheld a state policy that required the decision to involuntarily medicate a prisoner to be made by a hearing committee composed of a psychiatrist, a psychologist, and the associate superintendent of the facility.  *Id.* at 229.  The decision was subject to review by the superintendent, and the inmate further had the right to seek judicial review of the decision in a state court.  *Id.*  The Court concluded that such procedural safeguards were adequate to ensure that the prisoner's interests were taken into account and otherwise met the requirements of due process.  *See id.* at 235.

In this case, Plaintiff has attached to his Complaint a grievance response from Defendant Chatman that shows that Plaintiff should be permitted to appeal his

involuntary medication decision, although the response also states that there "does not appear to be any thing [sic] in SOP showing the process for the inmate to appeal." Ex. A to Compl., ECF No. 1-1. The Court in *Washington* found the availability of a method to appeal an involuntary medication decision significant to its determination that the prison's policy comported with due process. *See Washington*, 494 U.S. at 235. Construing Plaintiff's complaint liberally, as the Court must at this stage, Plaintiff has thus alleged that each Defendant denied him the right to appeal his involuntary medication decisions even though the prison appears to acknowledge that Plaintiff should have the ability to seek review of those decisions. The Court will accordingly permit Plaintiff's involuntary medication claims to proceed for further factual development.

## IV.    Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) but **DENIES** Plaintiff's motion to appoint counsel at this time (ECF No. 8). Because Plaintiff has alleged colorable claims against Defendants, the Court further orders service on Defendants in accordance with the instructions below.

### ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Chatman and Williams, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the

possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of

8

Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is

incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED** this 29th day of June, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE