IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EZEKIEL GAMBLE, JR., : | |
| : | |
| Plaintiff, : | |
| VS. : | |
| : | NO. 5:15-CV-113-MTT-MSH |
| WARDEN BRUCE CHATMAN *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

**ORDER & RECOMMENDATION**

Presently pending before the Court are Plaintiff's motions to "Forward Exhibits" (ECF No. 23) and to "Terminate Involuntary Medication" (ECF No. 26). For the reasons explained below, Plaintiff's motion to "Forward Exhibits" is granted and it is recommended that Plaintiff's motion to terminate involuntary medication be denied.

**BACKGROUND**

Plaintiff alleges that Defendants violated his due process rights by forcibly medicating him over a period of several years without providing an adequate appeal process. Compl. 7, ECF No. 1; *see also* Second Am. Compl. 4, 6, ECF No. 22. Specifically, Plaintiff states that on August 28, 2013, Defendant Chatman denied him the ability to appeal a decision to forcibly administer antipsychotic drugs and Benadryl. On February 16, 2015, Defendant Williams likewise denied Plaintiff the ability to appeal the decision to involuntary administer a different antipsychotic medication, Benadryl, and Depakote. Plaintiff alleges that he suffers various side effects from these drugs. Compl. 7. Plaintiff attached to the Complaint a grievance response from Defendant Chatman that

partially grants his grievance and states that Plaintiff is allowed to appeal his involuntary medication decision. Compl. Ex. A, ECF No. 1-1. However, the response also notes that there "does not appear to be any thing [sic] in SOP showing the process for the inmate to appeal." *Id.*

After a preliminary review, service was ordered on Defendants. Order 6-7, June 29, 2015, ECF No. 9. Defendants filed their Answer on September 1, 2015. (ECF No. 15). On September 7, 2015, Plaintiff filed an Amended Complaint, seeking to clarify that he is suing Defendants in their individual and official capacities and requesting that the Court enter a declaratory judgment "stating plaintiff has a right to appeal the Involuntary Medication decisions." Am. Compl. 1, ECF No. 19. Two days later, Plaintiff filed a Clarification of Amended Complaint, explaining that his Amended Complaint also incorporates the Complaint. Clarif. to Am. Compl. 1, ECF No. 20. On September 14, 2015, Plaintiff filed a Notice of Withdrawal stating that he was withdrawing several filings, including the Amended Complaint and the Clarification of the Amended Complaint. Notice of Withdrawal 1, ECF No. 21. Plaintiff also indicated that he would be submitting a more complete amended complaint at a future date. *Id.*

Plaintiff filed his Second Amended Complaint on September 16, 2015. (ECF No. 22). Plaintiff makes three noteworthy changes to his allegations in the Second Amended Complaint: (1) he amends the range of dates during which he claims he was involuntarily medicated;[1] (2) a request for declaratory relief;[2] and (3) a statement indicating that

---

[1] Plaintiff now alleges that while incarcerated at Georgia Diagnostic and Classification Prison, he was involuntarily medicated from July 12, 2012 through October 17, 2013. Second

2

Plaintiff has been experiencing side effects from the medication since August 4, 2014. Second Am. Compl. 4, 6. Plaintiff then filed a motion to "forward" the exhibits he attached to the Complaint to the Second Amended Complaint. (ECF No. 23). Defendants object to the Second Amended Complaint (ECF No. 24) and the request to forward the exhibits (ECF No. 25). On October 12, 2015, Plaintiff filed a "Motion to Terminate Involuntary Medication" (ECF No. 26), which the Court construes as a motion for a preliminary injunction. Defendants similarly oppose this motion. Resp. to Mot. to Terminate Inv. Med. 2-8, ECF No. 27. These motions are now ripe for review.

## DISCUSSION

### I. Motion to Forward Exhibits

On September 30, 2015, Plaintiff filed a motion requesting that the Court "forward original complaint exhibits A, B, B1, B1 con't, and C to the pending Amended Complaint."[3] Mot. to Forward Ex. 1, ECF No. 23. Defendants filed a response in opposition to the motion (ECF No. 25) and an objection to the Second Amended Complaint (ECF No. 24). In both filings, Defendants contend that the Second Amended Complaint requires leave of Court pursuant to Federal Rule of Civil Procedure 15(a)(2). Notice of Obj. 1-2, ECF No. 24; Resp. to Mot. to Forward Ex. 1-2, ECF No. 25.

---

Am. Compl. 4. However, Plaintiff previously alleged that he was involuntarily medicated from March 26, 2013 through December 2013. Compl. 7.

[2] The Court is construing this as a renewal of his request in the withdrawn Amended Complaint that the Court state "plaintiff has a right to appeal the Involuntary Medication decisions." Am. Compl. 1.

[3] Plaintiff is seemingly referring to the Second Amended Complaint (ECF No. 22).

Defendants correctly state that this motion falls under Rule 15(a)(2) and requires leave of court. However, the Rules provide that such leave should be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Here there was no undue delay, bad faith, or dilatory motive in filing the Second Amended Complaint. Moreover, the differences between the Complaint and the Second Amended Complaint are so limited that there is no prejudice to Defendants. Thus, because Plaintiff is proceeding *pro se* and no "apparent or declared reason" to deny leave exists, Plaintiff is granted to leave to amend. Additionally, the Court construes Plaintiff's motion to "Forward Exhibits" as a request to supplement his Second Amended Complaint with evidence already before the Court. That motion is likewise granted.

## II.   Motion for Injunctive Relief

On October 12, 2015, Plaintiff filed a motion to terminate the involuntary administration of antipsychotic drugs. (ECF No. 26). He argues that the drugs are impeding his ability to litigate. Mot. to Terminate Inv. Med. 2. Defendants construe the motion as a request for a preliminary injunction and oppose the motion on the grounds that injunctive relief is not proper in this case. Resp. to Mot. to Terminate Inv. Med. 2-8,

ECF No. 27.  The Court agrees that Plaintiff's motion seeks injunctive relief and recommends denying that relief as explained below.

Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest.  *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).  An irreparable injury "must be neither remote nor speculative, but actual and imminent."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

However, Plaintiff fails to establish both that he faces irreparable injury and that the threatened injury outweighs the harm that granting an injunction would cause. Plaintiff argues that the side effects of his medication and the medication itself affect his ability to litigate this case.  He points to his Notice to Withdrawal (ECF No. 21) as an example of his level of impaired thinking.  Mot. to Terminate Inv. Med. 2.  Plaintiff's filings however demonstrate the opposite—his motions are reasoned and coherent.  For example, Plaintiff understood that his amended complaints are "merely repeating pending claims" and that the Second Amended Complaint was filed without leave of Court.[4]  *Id.* at 1.  Nothing in Plaintiff's filings indicate that he is incapable of understanding the proceedings, orders, or Defendants' responses.  Furthermore, to the extent Plaintiff

---

[4]   Additionally, Plaintiff's motion to forward exhibits (ECF No. 23) refers to the Second Amended Complaint as "pending," further indicating that Plaintiff is aware that he required leave of Court to amend a second time.  Mot. to Forward Ex. 1.

5

contends that the discomfort of the side effects themselves is an injury meriting injunctive relief, Plaintiff has not claimed that the side effects are permanent or otherwise would cause irreversible damage.

Plaintiff also fails to present any evidence establishing that his injury outweighs the harm that would be caused by issuing an injunction. While the forcible injection of medication constitutes a significant interference with Plaintiff's liberty, state officials have a strong interest in adequately managing the mental illnesses of inmates. *See Washington v. Harper*, 494 U.S. 210, 231-36 (1990) (holding that a prison policy that allowed inmates to administratively challenge the forcible administration of antipsychotic drugs was a constitutionally permissible manner of accommodating "an inmate's liberty interest . . . and the State's interest in providing appropriate medical treatment to reduce the danger that an inmate suffering from a serious mental disorder represents to himself or others."); *see also Sandin v. Conner*, 515 U.S. 472, 482-83 (1995) ("[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life . . . .") (internal citations omitted). Defendants attached to their response the affidavit of Dr. Dobson—a prison psychiatrist who has treated Plaintiff in the past. Dobson Aff., ECF No. 27-1. He opined that without medication, Plaintiff would present a "significant risk of harm to himself and others as he has displayed a history of aggressive and assaultive behavior." Dobson Aff. ¶ 5 & Ex. 1 at 1. Consequently, it is recommended that Plaintiff's motion to terminate the forcible administration of antipsychotic be denied.

## **CONCLUSION**

For the reasons explained above, the Court grants Plaintiff leave to amend his Complaint and Plaintiff's motion to "Forward Exhibits" (ECF No. 23).  Additionally, it is recommended that Plaintiff's motion for a preliminary injunction (ECF No. 26) be denied.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 4th day of December, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE