**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **EZEKIEL GAMBLE, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 5:15-CV-113 (MTT) |
| Warden **BRUCE CHATMAN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**ORDER**

In his Order and Recommendation, Magistrate Judge Stephen Hyles denies several motions filed by the Plaintiff and recommends granting the Defendants' motion for summary judgment (Doc. 47) and denying the Plaintiff's motion to supplement and provide injunctive relief (Doc. 56). (Doc. 62). The Plaintiff has filed an objection to the Order and Recommendation, which the Court has considered. (Doc. 63).

Despite his thorough response to the Defendants' motion for summary judgment, (Doc. 50-1), the Plaintiff does not object to any portion of the Magistrate Judge's thorough treatment of his claims. Instead, the Plaintiff's sole argument appears to be that the Magistrate Judge erred by denying his motion for appointment of counsel.[1] (Docs. 61; 62 at 30-31; 63 at 1). Because the Plaintiff's motion for appointment of counsel was a non-dispositive pretrial matter referred to the Magistrate Judge, the Court will construe this portion of the Plaintiff's objection as one pursuant to Fed. R. Civ. P.

---

[1] The Plaintiff also mentions that the Magistrate Judge granted his motion to "Deny or at Least Stay Defendants' Reply Brief" but still "entertained" the Defendants' reply brief. (Doc. 63 at 1). The Magistrate Judge construed the Plaintiff's motion as one for leave to file a surreply brief, granted it, and considered the Plaintiff's surreply brief. (Doc. 62 at 30). To the extent the Plaintiff is objecting to the Magistrate Judge's treatment of his motion, he has failed to show that the Magistrate Judge erred.

72(a).[2]

"Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). In the Eleventh Circuit, "[i]t is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* The Plaintiff moved for appointment of counsel in the very beginning of this case. (Doc. 8). At that time, the Magistrate Judge denied the Plaintiff's request, finding that the Plaintiff had "clearly articulated the factual allegations underlying his claims, and the applicable legal doctrines [were] readily apparent at [that] stage of the litigation." (Doc. 9 at 2). Nevertheless, the Magistrate Judge made clear that he was "cognizant of Plaintiff's condition" and would, "on [his] own motion, … consider assisting Plaintiff in securing legal counsel" in the event it became "apparent that counsel is necessary to avoid prejudicing Plaintiff's rights." (*Id.* at 2-3). Almost four months after the Plaintiff responded to the Defendants' motion for summary judgment, the Plaintiff filed another motion for appointment of counsel, asking the Magistrate Judge to "[p]lease appoint counsel to handle necessary actions to ensure that my well-founded claims receive the attention they deserve." (Doc. 61 at 1). The Magistrate Judge denied the motion on the ground that "[n]o exceptional circumstances justifying appointment of counsel are found in this action." (Doc. 62 at 31).

In his objection, the Plaintiff says he is "severely mentally ill" and argues that

---

[2] Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

"had counsel been appointed," his "claims would have received the attention that they deserve [and] the outcome would have been different." (Doc. 63 at 1). The Plaintiff does not otherwise explain why counsel should be appointed, nor does he address the Magistrate Judge's determination that there are no exceptional circumstances in this case that would justify the appointment of counsel. Although the Plaintiff suffers from a number of disorders, the Plaintiff aptly prosecuted his case and responded to the Defendants' motion for summary judgment, citing to the record, case law, and the Defendants' arguments. (Doc. 50-1). This suggests, at the very least, he could explain why he is entitled to appointment of counsel. It also suggests that this case does not present any exceptional circumstances justifying appointment of counsel. *See, e.g.*, *Fowler*, 899 F.2d at 1096 (holding that the plaintiff's pleadings and conduct demonstrated he "was capable of representing himself adequately"). In any event, the Plaintiff has failed to show the existence of any such circumstances, much less that the Magistrate Judge's decision was contrary to law.

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Defendants' motion for summary judgment (Doc. 47) is **GRANTED**, and the Plaintiff's motion to supplement and provide injunctive relief (Doc. 56) is **DENIED**.

**SO ORDERED**, this 18th day of August, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT